NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 21 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AIYING ZHAO,

　　　　　Petitioner,

v.

JEFFERSON SESSIONS III, Attorney
General,

　　　　　Respondent.

No. 14-72632

Agency No. A099-402-288

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 28, 2017
Pasadena, California

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

Before: W. FLETCHER and IKUTA, Circuit Judges, and FREUDENTHAL,[**] Chief District Judge

Petitioner Aiying Zhao, a 59-year-old female, native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' (BIA) order dismissing her appeal from an immigration judge's decision denying her application for withholding of removal under 8 U.S.C. § 1231(b)(3). We have jurisdiction under 8 U.S.C. § 1252, and we affirm.

We conclude substantial evidence supports the administrative factual findings, including the adverse credibility findings, of the Immigration Judge (IJ). 8 U.S.C. § 1252(b)(4)(B); *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir. 2003). The IJ properly considered the "totality of the circumstances" standard governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010); 8 U.S.C. §§ 1158(b)(1)(B)(iii) (asylum); 1231(b)(3)(C) (adopting the standard in 8 U.S.C. § 1158(b)(1)(B) for withholding of removal). The IJ's reasons for the adverse credibility determination are specific, cogent and supported by the evidence, including consideration of candor, plausibility, consistency and fabrication. Zhao fails to show evidence in the record which compels a contrary result. *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003) (citing *Garrovillas v. INS*, 156 F.3d 1010, 1015-16 (9th Cir. 1998)).

---

[**] The Honorable Nancy D. Freudenthal, Chief United States District Judge for the District of Wyoming, sitting by designation.

We reject Zhao's argument that the IJ erred in the weight given to an earlier frivolous asylum application and a fabricated "Home Letter" purportedly written by Zhao's daughter. Zhao's willingness to engage in, enable or perpetuate material falsehoods before the very tribunal charged with adjudicating requests for asylum and related relief goes to the heart of her credibility. We find no error by the IJ in considering this as a principle reason to find Zhao not credible.

We also reject Zhao's argument that she was confused by the line of questions about her ability to conceive, and the IJ erred in considering this testimony to be evasive, internally inconsistent and implausible. The initial question about whether Zhao could become pregnant was a clear question and the IJ did not err in considering Zhao's response evasive and eventually inconsistent. We further reject Zhao's argument that the IJ erred in considering her continued presence in China as a factor detracting from her credibility, in that she adequately explained her need to remain in China to care for her daughter.

Finally, we reject Zhao's argument that the IJ erred in giving her abortion certificate diminished weight, in that it is unreasonable to expect a repressive government to provide evidence of its own persecution by way of attesting that the abortion was forced. Considering Zhao previously submitted the "Home Letter", which she later said was false, the IJ committed no error.

3

It appears that both the IJ and BIA improperly determined Zhao failed to prove future prosecution. The IJ found Zhao's testimony conflicted with her claim that she would face future persecution when she returned to China, and denied her petition in part because she failed to demonstrate the same. In *Tang v. Gonzales*, 489 F.3d 987, 992 (9th Cir. 2007), we extended *Qu v. Gonzales*, 399 F.3d 1195 (9th Cir. 2005), to victims of forced abortion, holding that they must be granted withholding of removal on the same terms as victims of forced sterilization. In *Qu*, we held that victims of forced sterilization need not show future persecution; they are entitled to withholding of removal as a matter of law. *Qu*, 399 F.3d at 1203. However, this error is harmless because the IJ properly found Zhao failed to prove she was subject to a forced abortion.

In sum, the BIA's conclusion that the IJ properly denied Zhao withholding of removal is supported by substantial evidence. The adverse credibility determination by the IJ relied on specifically-identified factors explicitly permitted by the REAL ID Act. Based on the totality of circumstances, it was a reasonable adverse credibility determination, grounded in the record. Absent Zhao's discredited testimony, combined with the diminished weight given to Zhao's corroborating evidence, there is no objective evidence that Zhao was forced to abort a pregnancy.

**PETITION FOR REVIEW DENIED.**

*Zhao v. Sessions*, No. 14-72632
Ikuta, Circuit Judge, concurring in the judgment:

Zhao's only claim on appeal is that the IJ erred in denying her request for withholding of removal under the Immigration and Nationality Act (INA), 8 U.S.C. § 1231(b)(3). But Zhao is not eligible for such relief, and we should deny her petition without reaching the merits of her claims.

Under § 1158(d)(6), "[i]f the Attorney General determines that an alien has knowingly made a frivolous application for asylum" and the alien has received timely notice "of the privilege of being represented by counsel and of the consequences . . . of knowingly filing a frivolous application for asylum," *id.* § 1158(d)(4), then "the alien shall be permanently ineligible for *any benefits* under this chapter [Chapter 12 of Title 8, §§ 1101-1537], effective as of the date of a final determination on such application," *id.* § 1158(d)(6) (emphasis added). The term "benefits" is not defined in the INA, so we consider the dictionary definition of the term: "something that guards, aids or promotes well-being." Webster's Third New International Dictionary 1560 (2002). A determination that a deportable alien may not be removed to a specified country because "the alien's life or freedom would be threatened in that country," 8 U.S.C. § 1231(b)(3)(A), constitutes a "benefit" under this definition. Indeed, even the BIA has acknowledged that withholding of removal constitutes a "benefit" under the INA, *see Matter of Y-L-*, 24 I. & N. Dec.

151, 155 (BIA 2007) (stating that filing a frivolous application makes an alien ineligible "for any benefits under the Immigration and Nationality Act except for withholding of removal.").[1]  Because this "benefit" is in Chapter 12 of the United States Code, an alien is "permanently ineligible" for withholding of removal after filing a frivolous asylum application.

Here, there is no dispute that Zhao filed a frivolous application for asylum after receiving a timely notice as required under § 1158(d)(4).  Therefore, she is "permanently ineligible for any benefits" under the INA, including withholding under § 1231(b).

In reaching the merits of Zhao's withholding claim, the BIA applied an immigration regulation that states that "a finding that an alien filed a frivolous asylum application shall not preclude the alien from seeking withholding of removal."  8 C.F.R. § 1208.20; *see Matter of Y-L-*, 24 I. & N. Dec. at 155.  If this regulation referred to withholding of removal as set forth in § 1231(b)(3), it would be contrary to the plain language of § 1158(d)(6) and not entitled to deference.  *See*

---

[1] At oral argument, counsel for the government argued that withholding of removal under the INA is not a "benefit," but a "protection."  Given counsel's concession that the government has not offered this interpretation in any regulation or guidance document, it deserves no weight.  Moreover, because a "protection" is likewise a "benefit" under the INA, counsel's proffer of the word "protection" to describe withholding of removal does not persuasively explain how withholding is exempt from the frivolous application bar.

*Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843–44 (1984).

But a better interpretation is to read "withholding of removal" in § 1208.20 as referring to withholding of removal under the Convention Against Torture (CAT), 8 C.F.R. § 1208.16(d)(2). The history of § 1208.20 supports this interpretation. Before 1999, the predecessor to § 1208.20 focused on the definition of a frivolous asylum application and did not address withholding of removal. *See id.* § 208.18 (1999). In 1999, the Department of Justice (DOJ) promulgated new regulations to implement the Foreign Affairs Reform and Restructuring Act of 1998, Pub. L. No. 105-277, 112 Stat. 2681, which required the DOJ to align U.S. immigration law with CAT's requirements. As part of this project, the DOJ added the current language addressing withholding of removal. *See* 8 C.F.R. § 208.19 (2000). This language incorporates U.S. obligations under CAT by enabling applicants who have filed frivolous asylum applications to seek withholding of removal under CAT. Because this reading of the regulation makes sense and does not conflict with § 1158(d)(6), the BIA erred in applying the regulation to withholding under § 1232(b).

Given that "the proper role of the judiciary" is "to apply, not amend, the work of the People's representatives," *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1726 (2017), we should interpret the plain language of

3

§ 1158(d)(6) as precluding a grant of withholding under § 1232(b) to an alien who has filed a frivolous application. Because Zhao filed a frivolous asylum application here, we are barred from granting Zhao's claim for withholding of removal. I would therefore deny Zhao's petition for review without reaching the merits.